UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIE INSURANCE COMPANY et al., <br><br> Plaintiffs, <br><br> v. <br><br> HYUNDAI MOTOR AMERICA et al., <br><br> Defendants. | Case No. 8:24-cv-02441-SB-JDE <br><br> ORDER GRANTING MOTION TO REMAND [DKT. NO. 18] |

Defendants manufacture and sell Hyundai and Kia vehicles, which for years used defective anti-lock brake systems that created a risk of fires, leading to numerous safety recalls and $210 million in federal civil penalties. Plaintiffs, a group of car insurers, filed this subrogation action in state court to recover losses to their insureds resulting from the defects. Defendants removed the case based solely on diversity jurisdiction, and Plaintiffs now move to remand. Because Defendants have not met their burden to show that diversity is complete, the motion is granted.

I.

A defendant may remove a civil action from state to federal court if jurisdiction originally would lie in federal court. 28 U.S.C. § 1441(a). The removing party bears the burden of proving that removal is proper. *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024).[1]  If removal is based on diversity

---

[1] Defendants' reliance on *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003), for the proposition that the plaintiff has the burden to justify remand is misplaced. *Breuer* stated that "*whenever the subject matter of an action qualifies it for removal*, the burden is on a plaintiff to find an express exception." *Id*. at 698

jurisdiction, 28 U.S.C. § 1441(b), the removing defendant must demonstrate complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000, *id.* § 1332(a).  Complete diversity requires that all plaintiffs be diverse from all defendants.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  There is a "strong presumption" against removal jurisdiction, which requires remand "if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *accord Casola*, 98 F.4th at 954.

II.

Plaintiffs argue that the presence of Plaintiff Erie Insurance Exchange (EIE) defeats complete diversity.  In the notice of removal, Defendants merely asserted that EIE "is an unincorporated reciprocal exchange and has its principal place of business in Pennsylvania."  Dkt. No. 1 at 3 (citing Dkt. No. 1-3 ¶ 35).  The notice of removal did not expressly identify EIE's citizenship, nor did it provide adequate information to determine its citizenship, since "an unincorporated association such as a partnership has the citizenships of all of its members."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that a limited liability company is a citizen of every state of which its owners or members are citizens).  Defendants have not identified EIE's members or their citizenship.

This failure requires remand, as Defendants have not met their burden to establish complete diversity.  Defendants do not dispute the legal rule that EIE's citizenship is derived from that of its members, nor do they attempt to identify its members or their citizenship.  Instead, they make a conclusory argument that diversity is determined at the time of removal from the face of the pleadings and "[b]ecause plaintiff EIE's supposed California citizenship is alleged nowhere in the complaint, diversity existed and removal was proper."  Dkt. No. 20 at 1, 4.  But it is Defendants' burden as the removing parties to establish that diversity is complete, and they failed to identify EIE's members or their citizenship in the notice of removal despite identifying EIE as an unincorporated entity.  Without having identified EIE's citizenship—even when confronted with a motion to remand—Defendants have not met their burden to establish that diversity is complete.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001) ("Since the party asserting diversity jurisdiction bears the burden of proof,

---

(emphasis added).  The defendant has the burden of establishing in the first instance that the case is removable.  *Casola*, 98 F.4th at 954.

2

Pfizer's failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction.") (cleaned up); *id*. at 861 (holding that district court properly remanded based on lack of complete diversity even though the defective allegation could potentially have been cured).

### III.

Accordingly, Plaintiffs' motion to remand is granted,[2] and this case is remanded for lack of subject-matter jurisdiction.

Date: January 16, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[2] The Court does not reach the parties' arguments about the propriety or applicability of "snap removal" or whether some defendants were improperly joined.